**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

BMO BANK N.A.,                                              Case No.:  2:25-cv-00483

      Plaintiff,

        v.

S & M RELO LLC and
STEVE COBURN a/k/a STEVEN G. COBURN,

      Defendants.

---

**VERIFIED COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC
PERFORMANCE, AND PERMANENT INJUNCTION**

---

Plaintiff, BMO Bank N.A. f/k/a BMO Harris Bank N.A., by its attorneys, complains of

Defendants S & M Relo LLC and Steve Coburn a/k/a Steven G. Coburn as follows:

**THE PARTIES**

1.      Plaintiff, BMO Bank N.A. f/k/a BMO Harris Bank N.A. ("Plaintiff"), is a national

banking association with its main office, as set forth in its articles of association, located in

Chicago, Illinois.  Effective September 3, 2023, Plaintiff adopted amended articles of association

pursuant to which its corporate title was changed from "BMO Harris Bank National Association"

to "BMO Bank National Association."  For jurisdictional purposes, Plaintiff is a citizen of the

State of Illinois.  At all times, Plaintiff was and is authorized to transact business in the State of

Ohio.

2.      Defendant, S & M Relo LLC ("Borrower"), is an Ohio-based domestic limited

liability company, created on March 4, 2019, with its principal place of business located at 3238

North Section Line Road, Unit 1A, Radnor, Ohio.  On information and belief, the sole member of

Borrower is Steve Coburn a/k/a Steven G. Coburn, a citizen of the State of Florida. For

jurisdictional purposes, Borrower is a citizen of the State of Florida.

3.      Defendant, Steve Coburn a/k/a Steven G. Coburn ("Guarantor" and together with

Borrower, the "Defendants"), is a citizen of the State of Florida, residing at 18590 Matt Road,

North Fort Myers, Florida.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

5.      There is complete diversity of citizenship between Plaintiff and Defendants.

6.      The amount in controversy exceeds the sum of $75,000.00, exclusive of interest

and costs.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b).

8.      Borrower is an Ohio limited liability company established by Guarantor in the State

of Ohio and a substantial portion of the events or omissions giving rise to the claims set forth in

this lawsuit occurred within territorial boundaries of this judicial district.

## FACTUAL BACKGROUND

### The Agreement, the Guaranty, and the Collateral

9.      On or about July 20, 2023, Plaintiff and Borrower entered into a Loan and Security

Agreement (together with all amendments, modifications, and collateral documents relating

thereto, the "Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the

equipment described therein (together with all attachments, accessions, accessories, replacement

parts, repairs, and additions or substitutions thereto, the "Collateral") and Borrower agreed to repay

Plaintiff the amount set forth therein, with interest, pursuant to the terms thereof. A true and correct

copy of the Agreement is attached hereto as "**Exhibit A**."

2

10.     Pursuant to the Agreement, Borrower granted Plaintiff a first-priority security interest in the Collateral, which in summary, consists of the following:

| Year | Make | Model | Desc. | VIN |
|------|------|-------|-------|-----|
| 2022 | Peterbilt | 579-Series | Tractor | 1XPBD49X6ND792089 |

11.     Plaintiff properly perfected its security interest in the Collateral by recording its lien on the certificate of title of the Collateral.  A true and correct copy of the Certificate of Title evidencing Plaintiff's perfected lien in the Collateral is attached hereto as "**Exhibit B**."

12.     To induce Plaintiff to enter into the Agreement, Guarantor unconditionally guaranteed the performance of Borrower in all of its present and future liabilities, obligations, and indebtedness to Plaintiff (the "Guaranty").  A true and correct copy of the Continuing Guaranty executed by Guarantor on or about July 20, 2023, evidencing the Guaranty is attached hereto as "**Exhibit C**."

13.     The choice of law under the Agreement and the Guaranty is that of the State of Illinois.  *See* Ex. A, ¶ 7.6, Ex. C.

## Defaults

14.     Under the terms and conditions of the Agreement, failure to make a payment when due is considered an event of default.

15.     Borrower is in default under the Agreement.

16.     Borrower failed to make payments as they came due under the Agreement.

17.     Specifically, Borrower failed to make the payment due November 1, 2024, under the Agreement.  No subsequent payments were made, and Borrower's default under the Agreement is continuing.

18.    Under the terms and conditions of the Guaranty, failure to make a payment when due is considered an event of default.

19.    Guarantor is in default under the Guaranty.

20.    Guarantor failed to make the payment due under the Agreement pursuant to the Guaranty as it became due.

21.    Specifically, Guarantor failed to make the payment due November 1, 2024, under the Agreement pursuant to the Guaranty.  No subsequent payments were made, and Guarantor's default under the Guaranty is continuing.

22.    Due to Borrower's default, Plaintiff elected to accelerate the amount due and owing under the Agreement effective March 26, 2025.

23.    Upon acceleration, the principal amount due and owing under the Agreement was an amount not less than $195,196.70.

24.    Under the Agreement, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1.5%) per month or the maximum rate not prohibited by applicable law.  Interest under the Agreement is calculated based on a 360-day year consisting of twelve 30-day months.

25.    In addition, under the Agreement, Borrower is obligated to pay late charges and other fees due under the Agreement.

26.    In addition, upon default under the Agreement, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

27.    In addition, under the Agreement, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

28.     Under the Guaranty, Guarantor is obligated to pay all amounts due and owing to Plaintiff under the Agreement, without limitation.

29.     Calculated as of March 28, 2025, the amount due and owing under the Agreement, not including attorneys' fees and expenses or cost of collection, is an amount not less than $211,321.45.

30.     Pursuant to the Agreement, upon Borrower's defaults thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

31.     Plaintiff notified Defendants of their defaults under the Agreement and Guaranty, and made demand that Defendants surrender possession of the Collateral to Plaintiff and that Defendants pay the amounts due under the respective Agreement and Guaranty.

32.     In addition, by letters dated March 31, 2025, Plaintiff notified Defendants of its election to accelerate the amount due and owing under the Agreement and made written demand upon Defendants to pay the amounts due and to surrender possession of the Collateral.  True and correct copies of Plaintiff's Notices of Default to Defendants, dated March 31, 2025, are attached as **"Exhibit D."**

33.     Despite express demand, Defendants have failed or refused to pay the amount due and owing under the Agreement and the Guaranty.

34.     The Agreement and Guaranty expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

## COUNT I
### (Breach of Contract against Borrower under the Agreement)

35.     Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

36.     The Agreement is a valid and fully enforceable contract between Borrower and Plaintiff.

37.     Plaintiff has performed all terms and conditions to be performed by it pursuant to the Agreement.

38.     Borrower has not performed all the terms and conditions to be performed by it pursuant to the Agreement and is in breach thereof.

39.     Plaintiff has suffered damages due to Borrower's breach.

40.     Plaintiff is entitled to contractual money damages from Borrower.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower in the amount due under the Agreement, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

## COUNT II
### (Breach of Contract against Guarantor under the Guaranty)

41.     Plaintiff incorporates and realleges all preceding paragraphs in this Count II.

42.     The Guaranty is a valid and fully enforceable contract between Guarantor and Plaintiff.

43.     Plaintiff has performed all terms and conditions to be performed by it pursuant to the Guaranty.

44.     Guarantor has not performed all the terms and conditions to be performed by him pursuant to the Guaranty and is in breach thereof.

45.     Plaintiff has suffered damages due to Guarantor's breach.

46.     Plaintiff is entitled to contractual money damages from Guarantor.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Guarantor in the amount due under the Guaranty, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

## COUNT III
### (Replevin)

47.     Plaintiff incorporates and realleges all preceding paragraphs in this Count III.

48.     This claim is brought pursuant to Ohio Rev. Code Chapter 2737, *et seq*.

49.     Pursuant to the Agreement, upon default by Borrower, Plaintiff is lawfully entitled to possession of the Collateral.

50.     Borrower is in default under the Agreement and is not lawfully entitled to possession of the Collateral.

51.     The Collateral is wrongfully detained by Borrower against Plaintiff's right to possession.

52.     Borrower came into possession of the Collateral by financing its purchase thereof through Plaintiff.

53.     Plaintiff has made demand upon Borrower for the surrender of the Collateral pursuant to the terms of the Agreement, but Borrower has failed or refused to surrender the Collateral to Plaintiff.

54.     The Collateral has been particularly described in Paragraph 10 *supra* and in Exhibit A, attached hereto, including make, model, and vehicle identification numbers.

55.     Based upon the best knowledge, information, and belief of Plaintiff, and in the absence of an inspection and assuming that the Collateral is in immediately salable condition, for purposes of setting bond only and not as an admission of value, Plaintiff estimates the fair market value of the Collateral to be approximately $67,150.

56.     As set forth in the Agreement, when not in use the Collateral is kept at 3238 North Section Line Road, Unit 1A, Radnor, Ohio, but the Collateral may not be present at such location at any given time.  Based upon the best knowledge, information, and belief of Plaintiff, the Collateral is constantly moving or not present in any one location for any prolonged period of time.

57.     The Collateral has not been taken for any tax, assessment, or fine levied by virtue of any law of the state against the property of Plaintiff, or against Plaintiff, nor seized under any lawful process against the goods and chattels of Plaintiff subject to that lawful process, nor held by virtue of any order for replevin against Plaintiff.

58.     Plaintiff claims the value of the Collateral not delivered to the officer by virtue of the enforcement of an order of replevin.

WHEREFORE, Plaintiff prays that an order of replevin be entered on its behalf granting Plaintiff possession of the Collateral, and that Plaintiff be granted such other and further relief as shall be just and equitable.

## COUNT IV
### (Specific Performance)

59.     Plaintiff incorporates and realleges all preceding paragraphs in this Count IV.

60.     In the event of default by Borrower under the Agreement, Borrower is obligated to return the Collateral at its expense to any location that Plaintiff directs.

61.     In the event of default by Borrower under the Agreement, Plaintiff is entitled to take possession of the Collateral or direct Borrower to remove it to a place deemed convenient by Plaintiff.

62.     In the event of default by Borrower under the Agreement, Plaintiff is entitled to repossess and remove the Collateral, wherever located.

63.     Plaintiff has performed its obligations under the Agreement, and is ready, willing, and able to perform under the Agreement.

64.     Despite demand by Plaintiff, Borrower has failed to cure its defaults under the Agreement and has failed to return the Collateral.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Borrower, directing Borrower to specifically perform its obligations under the Agreement, and to return and allow the removal of the Collateral, and that Plaintiff be granted such other and further relief as shall be just and equitable.

## COUNT V
### (Injunctive Relief)

65.     Plaintiff incorporates and realleges all preceding paragraphs in this Count V.

66.     Borrower continues to possess and utilize, or is capable of utilizing, the Collateral for commercial purposes.

67.     On any given day the Collateral is located, or is capable of being located, in diverse places throughout Ohio and surrounding states.

68.     The Collateral is used to transport goods across the country and may not be in any one location for any prolonged period of time.

69.     The Collateral depreciates and deteriorates as a result of its continued use by Borrower, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Borrower.

70.     Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Collateral; (b) ordered to advise Plaintiff of the location of the Collateral; and (c) ordered to surrender the Collateral to Plaintiff.

WHEREFORE, Plaintiff prays that:

a. Borrower and other persons and firms having knowledge of the injunction, including without limitation Guarantor and the managers, officers and directors of Borrower having knowledge of the injunction, be temporarily, preliminarily, and permanently enjoined from using the Collateral as of the date of entry of the injunction order;

b. Borrower be ordered to disclose to Plaintiff the precise location of the Collateral in order for Plaintiff to reclaim it;

c. Borrower be ordered to recover the Collateral in the hands of third parties for delivery to Plaintiff;

d. Borrower be temporarily, preliminarily, and permanently enjoined from restricting access of Plaintiff to the Collateral; and

e. Plaintiff be granted such other and further relief as shall be just and equitable.

Date:  April 29, 2025                    Respectfully submitted,

By:    *s/ Shawn J. Anderson*
        Shawn J. Anderson
        **Trial Attorney**
        HUSCH BLACKWELL LLP
        511 N. Broadway, Suite 1100
        Milwaukee, Wisconsin 53202
        Phone: (414) 273-2100
        Fax: (414) 223-5000
        Shawn.Anderson@huschblackwell.com
        OH Bar No.: 0102064
        SD OH Bar No.: 0102064

        ***Attorney for BMO Bank N.A.***

**VERIFICATION**

I, Tina Mullinex, declare as follows:

1.      I am employed by BMO Bank N.A. ("<u>Plaintiff</u>"), as a Litigation Specialist and maintain an office at 3925 Fountains Drive NE, Cedar Rapids, Iowa.

2.      Plaintiff is the owner of the accounts of S & M Relo LLC ("<u>Borrower</u>").  I am authorized to make this Verification on behalf of Plaintiff.

3.      I am charged with administering Plaintiff's account with Borrower and am one of the custodians of the business records and credit files relating to the accounts of Borrower with Plaintiff.  I certify that such documentation is maintained by Plaintiff in the ordinary course of its business and as a regular practice.

4.      I have read the foregoing Verified Complaint and based upon personal knowledge and the business records of Plaintiff verify that the facts stated in it are true.

Pursuant to 28 U.S.C.A. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April <u>29</u>, 2025

_____
                        Tina Mullinex