**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BMO BANK N.A.,**

**Plaintiff,**

**v.**

**Case Number 2:25-cv-483**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**S & M RELO LLC, *et al.*,**

**Defendants.**

**ORDER**

This matter is before the Court on Plaintiff BMO Bank N.A.'s Motion for Default Judgment. (ECF No. 10.)

BMO Bank filed a verified Complaint against Defendants S & M Relo LLC and Steve Coburn a/k/a Steven G. Coburn in May 2025. (ECF No. 1.) BMO Bank alleges that Defendants have defaulted on their payment obligations for one loan issued by BMO Bank for S & M Relo's purchase of a semi-truck tractor, which is secured collateral for the loan. (*Id.* ¶¶ 9–34.) Mr. Coburn, the sole member of S & M Relo, guaranteed the payment of the loans. (*Id.* ¶ 2–3.) BMO Bank claims Defendants are liable for breach of contract and replevin, and it seeks specific performance and injunctive relief, including the repossession tractor. (*Id.* ¶¶ 35–70.)

BMO Bank filed an Affidavit of Service for each Defendant on the docket. (ECF Nos5, 6.) Neither Defendant pled nor otherwise defended in the case, so BMO Bank applied for entry of default against both. (ECF No. 7); *see* Fed. R. Civ. P. 55(a). The Clerk of Courts entered default against each Defendant. (ECF Nos. 8, 9). BMO Bank now moves for default judgment under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 10.) It requests monetary damages in the amounts due under the loans, its attorneys' fees and expenses, an order of possession with

respect to the collateral, an order for specific performance requiring surrender of the collateral, and injunctive relief in furtherance of the order of possession. (*Id.* PageID 61.)

Before entering default judgment under Rule 55(b), a court must: (1) verify that it has both subject matter jurisdiction over the action and personal jurisdiction over any defendant against whom it grants a default judgment and (2) determine whether the facts in the complaint state a claim for relief against the defendant. *Columbus Life Ins. Co. v. Sai Yu Su*, No. 1:25-cv-91, 2026 WL 982726, at *2 (S.D. Ohio Apr. 13, 2026) (Cole, J.) (citations omitted). "After confirming there is jurisdiction and a plausible claim, a court then must conduct an inquiry to establish the appropriate damages." *Id.* (citation modified).

Here, BMO Bank's Motion skips over the first two steps and immediately proceeds to damages. (*See* ECF No. 10.) The Court cannot proceed to damages without first resolving the threshold issues of jurisdiction and liability, which are not straightforward here. BMO Bank must establish subject matter jurisdiction as well as personal jurisdiction over both Defendants, including that service was proper under the Federal Rules of Civil Procedure and state law. Additionally, BMO Bank must show that its Complaint states a plausible claim under applicable state law.

For these reasons, (ECF No. 10) Plaintiff BMO Bank N.A.'s Motion for Default Judgment is **DENIED without prejudice** subject to refiling of a motion that addresses the above threshold issues. This case remains open.

**IT IS SO ORDERED.**

8/26/2026
**DATE**

s/Edmund A. Sargus, Jr.
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**